[ iTHIBODEAUX, Judge,
dissenting.
The insurance agreement between Kenneth A. Doggett, Sr. and Prudential contractually provided for coverage extension to Jennifer Armand. It is true that Part 4 of the contract which is titled “Uninsured Motorists” defines an insured as “you and a resident relative ... while using a non-owned car. The owner must give permission to use it. It must be used in the way intended by the owner.” (Ms. Armand is neither the named insured nor a resident relative). However, this is not, in my view, the full *553 extent of coverage as delineated in Part 4 of the contract. The policy expressly provides that uninsured motorists coverage is extended to certain vehicles. In the subsection of Part 4 titled “What Cars Are Covered (Part 4)” the following clause appears:
OTHER NON-OWNED CARS
]2In addition to SUBSTITUTE CARS, we will cover a non-owned car. The owner must give permission to use it. The non-owned car must be used in the way intended by the owner. This includes a rented car for a period of up to thirty consecutive days. The non-owned car has the same coverage as any one of your cars insured with us. (emphasis in original).
As I interpret this provision, the plaintiff, Ms. Armand, is provided with the same coverage under this portion of the policy as the vehicles named in the liability portion of the Prudential policy and which covered the cars belonging to Mr. Doggett, namely, a Cadillac and a Corvette. While Ms. Armand may have been excluded under the definition of insured under Part 4, she is covered under that portion of Part 4 defining what cars are covered. Had Ms. Armand been riding in one of the vehicles specifically named in the liability portion of the policy, without question she would have been covered under the uninsured motorists provisions of the policy under Part 4.
There is an additional reason for coverage extension to Ms. Armand. At the very least, these policy provisions are ambiguous. It is hornbook insurance law that any ambiguity in a policy of insurance is interpreted against the insurance company and in favor of extension of coverage. If two or more interpretations exist, that interpretation which favors coverage must be applied.
For the foregoing reasons, I respectfully dissent and would extend coverage to Ms. Armand.